UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(West Palm Beach Division)

Case Number:

NICOLE OFSOWITZ LUCAS,

    Plaintiff,

vs.

CITY OF DELRAY BEACH, a Florida
municipal corporation,

    Defendant.
_____/

## Complaint for Damages and Injunctive Relief

### Count I: Nicole Ofsowitz Lucas's Complaint for Discrimination Based on Disability/Perceived Disability

Plaintiff, Nicole Ofsowitz Lucas, sues defendant, City of Delray Beach, and alleges:

### Introduction and Summary

1.    This is an action by Nicole Lucas, a white, female former member of the City of Delray Beach Police Department's Vice, Intelligence and Narcotics ("VIN") Unit.  She previously sued the City for violating her first-amendment rights because the City's first Black police chief disciplined her after learning that she had posted on her private, friends-and-family-only Facebook page criticism of the Black Lives Matter ("BLM") movement, and

for discriminating against her on the basis of her race (white and Jewish) and her sex (female).  After learning that she was no longer carrying a weapon while doing undercover narcotics purchases, and that she was claiming mental anguish in connection with her BLM-criticism discipline and its sequelae, the City sent her to two psychologist:  Each reported that while Agent Lucas was temporarily totally disabled to perform as a police officer, she would be able to return to duty with further mental-health therapy.  Another to whom it sent her in connection with her application for a disability retirement stated the same thing.  While she was on paid disability leave, however, the City stopped paying her because she did not respond to an inquiry — sent (but never delivered) to her home solely via Federal Express — into the status of her psychological treatment.  The City then seized on language in a portion of her application for disability retirement to terminate her — although it is still insisting in defense of her earlier lawsuit, and in opposition to her disability pension, that she is only "temporarily" disabled.  It also initially declined to provide her any legal defense from a frivolous lawsuit filed against the City, Agent Lucas and her supervisor — for which the City accepted service of the lawsuit on her behalf, but never delivered her a copy of the complaint.

## Jurisdiction and Venue

2. These claims arise under § 202 of the Americans with Disabilities Act, 42 U.S.C. § 12132; § 504 of the Rehabilitation Act, 29 U.S.C. § 794,

and the first-amendment and equal-protection provisions embodied in 42 U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. The claims being sued upon arose in Palm Beach County, Florida, where the defendant at all material times did business.

### Satisfaction of Conditions Precedent

4. All conditions precedent to bringing this action have been satisfied, including filing a charge of discrimination with the Equal Employment Opportunity Commission and obtaining from the Department of Justice a Notice of Right to Sue.

### Parties

5. Nicole Lucas is, and at all times material was, an active or former City of Delray Beach police officer who was (and still is) suing the City for violating her first-amendment rights and (under its first Black police chief) engaging in race and gender discrimination.

6. Defendant City of Delray Beach is, and at all times material was:

    a. a Florida municipal corporation that was a public entity as envisioned by § 202 of the Americans with Disabilities Act, 42 U.S.C. § 12132;

    b. a recipient of federal funds, as envisioned by § 504 of the Rehabilitation Act, 29 U.S.C. § 794, and

    c. a defendant in Agent Lucas's 42 U.S.C. § 1983 lawsuit based on matters of public concern, <u>e.g.</u>, alleging violation of constitutional

provisions protecting free speech on matters of public concerns and outlawing discrimination based on race or gender.

## General Allegations as Relates to Count I

7. The Americans with Disabilities Act ("ADA"), as amended, provides in pertinent part:

    a. "The term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. . . ."

    b. "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . discharge of employees, employee compensation, job training . . . and other terms, conditions, and privileges of employment," 42 U.S.C. § 12112, which includes:

    c. "limiting, segregating, or classifying [an] employee in a way that adversely affects the opportunities or status of such. . . employee because of the disability of such applicant or. . . employee," 42 U.S.C. § 12112(b)(1);

    d. "not making reasonable accommodations to the known. . . limitations of an otherwise qualified individual with a disability who is an. . . employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity," 42 U.S.C. § 12112(5)(A), or

    e. "denying employment opportunities to [an] employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant," 42 U.S.C. § 12112(b)(5)(B).

  8. The City of Delray Beach Police Department has a policy of putting sworn police officers who are disabled, for whatever reason, on either paid leave or light duty while they rehabilitate.

  9. Two mental health professionals engaged in Agent Lucas's civil suit — Louie F. Fitzgerald, Ph.D., and Abbey Strauss, M.D. — have each concluded that Agent Lucas has been rendered totally disabled to continue to work in law enforcement.

  10. Based on those diagnosis, Agent Lucas has filed an application for disability retirement, which is pending before the City's pension board.

  11. Three mental health professionals retained by the City (two in connection with the lawsuit, Royce N. Jalazo, Psy.D., and Harley V. Stock, Ph.D.) and one in connection with the pension application, Lisa Faraldo, Ph.D., have examined her and unanimously opined that while she when examined was totally disabled to work in law enforcement, mental health therapy would rehabilitate her so that she could return to active-duty law enforcement.

  12. Agent Lucas was put on paid leave in January 2021 after confiding to her former VIN Unit sergeant over breakfast that she no longer

carried a weapon when doing undercover drug buys because she was afraid that if she had to shoot a Black drug dealer, she would be accused of having been racially motivated to do so.

13. Her fear, as alleged in ¶ 12, arose from now-retired Chief Javaro A. Sims's having essentially (and untruthfully) branded her as a racist because of her opposition to the Black Lives Matter movement and its involvement in the 2020 presidential campaign:  He did so by opening an internal-affairs investigation into the incident, which he knew would become public record and be picked up by local media:

 a. Word of the investigation got out to the Drug Enforcement Administration, which immediately informed the Delray Beach Police Department that it did not wish for Agent Lucas to join the DEA's Palm Beach County Task Force — a four-year, overtime-laden assignment that she had envisioned as the capstone of her law-enforcement career;

 b. Local media did pick up the story and various defense attorneys begin to challenge her as being racially biased against their Black drug-dealer clients with whom she had engaged in hand-to-hand narcotics transactions.

14. The sergeant told his superiors that Agent Lucas had told him she was not carrying a firearm during her undercover drug buys; the Delray Beach Police Department immediately relieved her of duty.

15. Although she — as did other officers who had been found temporarily disabled to continue working as law enforcement officers — were

permitted to remain on the payroll for at least two years[1] on the condition that she had to provide the City with updates on her therapy whenever it requested she do so.

16. She did so April 4 and May 23, 2022, in response to the City's requests. On June 29, her counsel, Ronald J. Cohen, Esquire, who is representing Agent Lucas concerning her request for a disability pension, also sent to the City via e-mail copy of an application for disability retirement, with signed medical records release forms.[2]

17. On August 3, 2022, however, she was informed via a letter from Duane D'Andrea, the City's human-resources director, that her salary was being terminated because she had failed to respond to an update on her therapy by June 29.

18. Although the City would not respond to her inquiries, Agent Lucas eventually learned through a public-records request that the letter requesting updated medical records had been sent to her home via Federal Express — but never delivered.

19. She also, as one of the terms of her being relieved of duty, had to telephone the police department every day: Although she did so, no one ever answered the calls and she simply left voice mails.

---

[1]Collective Bargaining Agreement between the City of Delray Beach and the Palm Beach County Benevolent Association, Police Officers and Sergeants (October 1, 2021 - September 30, 2024), Article 41.

[2]A copy of the June 29, 2022 e-mail without the listed attachments is appended as Attachment 1.

20. Although Agent Lucas explained this in e-mails to the City, the City on August 9, 2022 informed her that:

    a. Her request for reinstatement was being denied;

    b. She would "continue to remain on administrative leave without pay pending a finding that you are fit for duty," and

    c. She should "refer to our previous correspondence for the options that remain available to you."[3]

21. City Attorney Lynn Gelin informed Agent Lucas August 22, 2022, that her "administrative leave should have been converted to 'unpaid' leave once [she was] found to be unfit for duty," and that "[t]he City is merely following the same protocol that was used for other employees."

22. Police officers who have been physically injured, however, are permitted to remain on paid leave while the attend physical therapy: Although the City's mental-health professionals have suggested that Agent Lucas should be ready to return to work following three to four months of therapy, she is not being afforded the same treatment.

23. The City's actions as more particularly alleged above, constituted disability discrimination in violation of 42 U.S.C. §§ 12112(a), (b)(1), (b)(5)(A) and (b)(5)(B).

24. As the direct, proximate and foreseeable result of the City's actions, Agent Lucas has lost wages and benefits in the past and will suffer

---

[3]Copies of the e-mails between Lucas and the City are appended as Attachment 2.

additional losses in the future and has suffered mental anguish, loss of dignity, a diminution of her reputation and other intangible injuries for which she is entitled to compensatory damages.

25. Agent Lucas is entitled to be awarded reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12133.

WHEREFORE, plaintiff, Agent Nicole Ofsowitz Lucas, prays that this Court will:

a. determining that the City violated Agent Lucas's rights determining that the City violated Agent Lucas's rights to paid administrative leave when she is suffering from a mental illness that three of the City's mental-health professions have opined is only temporary she is suffering from a mental illness that all three of the City's mental-health professions have opined is only temporary;

b. enjoin the City from continuing to violate the Agent Lucas's federally protected rights and to make Agent Lucas whole through back pay and reinstatement to her paid leave status;

c. grant Agent Lucas judgment against the City for back pay and compensatory damages;

d. grant Agent Lucas her reasonable attorneys' fees and litigation expenses against the City, and

e. provide any other relief that is appropriate.

## Count II:  Nicole Ofsowitz Lucas's Claim Under
## § 504 of the Rehabilitation Act, 29 U.S.C. § 12132

26. Plaintiff, Nicole Ofsowitz Lucas, realleges and adopts, as if fully set forth in Count II, the allegations of ¶¶ 1-5, 6(b) and 7-23.

### General Allegations as Relates to Count II

27. The Rehabilitation Act provides, in pertinent part:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . .

29 U.S.C. § 794.

28. Sections 705(20)(A) and (B), in pertinent part, adopts the definition of "qualified individual with a disability" from the ADA.

29. Section 794(d) adopts:

   a. The ADA's "standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section. . .," and

   b. "[T]he provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201-12204 and 12210), as such sections relate to employment."

30. Plaintiff is entitled, pursuant to 29 U.S.C. § 794a(b), to recover her costs and litigation expenses, including a reasonable attorney's fee, for bringing this action.

WHEREFORE, Plaintiff, Nicole Ofsowitz Lucas, prays that this Court will grant judgment for her, and against defendant, City of Delray Beach:

*One*, determining that the City violated Agent Lucas's rights determining that the City violated Agent Lucas's rights to paid administrative leave when she is suffering from a mental illness that three of the City's mental-health professions have opined is only temporary she is suffering from a mental illness that all three of the City's mental-health professions have opined is only temporary;

*Two*, enjoining the City, both preliminarily and permanently, to cease burdening her rights not to be discriminated against because of her mental health status;

*Three*, awarding back wages and compensatory damages against the City of Delray Beach;

*Four*, awarding costs, including attorney's fees and litigation expenses, against the City of Delray Beach, and

*Five*, granting such other and further relief as is just.

**Count III: Nicole Ofsowitz Lucas's Claim Under § 1983 for Violation of her Clearly Established First-amendment Right to Free Speech and Fourteenth-amendment Right Against Sex and Race Discrimination**

31. Plaintiff, Nicole Ofsowitz Lucas, realleges and adopts, as if fully set forth in Count III, the allegations of ¶¶ 1-6.

32. Agent Lucas filed a complaint pursuant to 42 U.S.C. § 1983 alleging:

    a. A violation of her right to free speech because of the retaliation she suffered as a result of then-Chief Sims learning about the criticism she had articulated in a Facebook post to family members and friends on her private Facebook page concerning Black Lives Matters and its involvement in the 2020 presidential campaign, and

    b. Violations of her rights to equal protection under the Fourteenth Amendment because of then-Chief Sims's prejudice against white women.

  33. Because the § 1983 action that she filed concerned matters of public concern — <u>i.e.</u>:

    a. The vociferous involvement of the Black-Lives-Matter movement in the 2020 presidential campaign, and its broader involvement in the protest of the murder of George Floyd, a Black man, by Minneapolis police officers, and

    b. Chief Sims's discrimination against white women since (and before) he took office as the chief,

her § 1983 lawsuit constituted speech about matters of public concern.

  34. Although the City may be justified in relieving Agent Lucas of duty because of her mental health in the wake of Chief Sims's retaliatory and discriminatory behavior towards her, it was not justified in removing her from that group of police officers who enjoy either light duty or paid administrative leave while they recuperate from on-the-job injuries.

35. Agent Lucas's no-pay suspension — from which there is no internal appeal mechanism — constitutes a final policy decision by the City's executive branch and, therefore, is actionable against the City.

36. Plaintiff is entitled, pursuant to 42 U.S.C. § 1988, to recover her costs and litigation expenses, including a reasonable attorney's fee, for bringing this action.

WHEREFORE, Plaintiff, Nicole Ofsowitz Lucas, prays that this Court will grant judgment for her, and against defendant, City of Delray Beach:

*One*, determining that the City violated Agent Lucas's rights determining that the City violated Agent Lucas's rights to paid administrative leave when she is suffering from a mental illness that three of the City's mental-health professions have opined is only temporary she is suffering from a mental illness that all three of the City's mental-health professions have opined is only temporary;

*Two*, enjoining the City, both preliminarily and permanently, to cease burdening her rights not to be retaliated against because of her filing a § 1983 lawsuit protesting impingement on her rights under the First and Fourteenth Amendments, and to restore her to the paid administrative leave enjoyed by other injured police officers;

*Three*, awarding back wages and compensatory damages against the City of Delray Beach;

*Four*, awarding costs, including attorney's fees and litigation expenses, against the City of Delray Beach, and

*Five*, granting such other and further relief as is just.

## Jury Demand

Plaintiff, Nicole Ofsowitz Lucas, demands trial by jury on all issues so triable.

    Respectfully Submitted,

*/s/ William R. Amlong*
WILLIAM R. AMLONG
Florida Bar No. 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No. 275565
KAmlong@TheAmlongFirm.com
JENNIFER DALEY
Florida Bar No. 856436
JDaley@TheAmlongFirm.com

THE AMLONG FIRM
500 Northeast Fourth Street
Suite 101
Fort Lauderdale, Florida 33301-1154
(954) 462-1983

*Attorneys for the Plaintiff,*
   *Nicole Ofsowitz Lucas*